

FILED

JUN 22 2026

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

Civil Action No. 5:26-cv-00281

MAGUS JAMYE REFICUL AHNEND,

*Plaintiff Pro Se,*

v.

SHEILA JOHNSON, JEANNIE CAMPBELL,

ROBERT DONELOW, GAVIN G. WARD,

MATTHEW FRAGILE, ZACHARY BLOSSER,

*Defendants.*

**PLAINTIFF'S OBJECTION TO DEFENDANTS' ANSWER (ECF No. 34)**

**AND MOTION FOR ORDER OF DEEMED ADMISSIONS**

**PURSUANT TO FED. R. CIV. P. 8(b)(1), 8(b)(2), 8(b)(6), AND 10(c)**

**WITH INCORPORATED MEMORANDUM OF LAW**

## I. INTRODUCTION

Defendants filed their Answer on June 17, 2026. ECF No. 34. Plaintiff objects to two categories of responses in that Answer. Both categories fail to satisfy the admission-or-denial obligation imposed by Fed. R. Civ. P. 8(b). Under Fed. R. Civ. P. 8(b)(6), allegations that are not properly denied are admitted. Plaintiff moves for an order recognizing those deemed admissions.

First: The Answer's "PRELIMINARY STATEMENT" (¶¶ 1–9, ECF No. 34 at 2–3) responds to nine introductory paragraphs of the Complaint by declaring them "legal conclusions" requiring no admission or denial, appending a generic fallback denial. At least one of those nine paragraphs contains a factual allegation — that each Defendant acted under color of state law

within the scope of their employment or official authority — that is a required element of Plaintiff's 42 U.S.C. § 1983 claims and required a specific admission or denial.

Second: Twenty-eight numbered paragraphs of the Answer — ¶¶ 17, 19–21, 26–37, 39, 47–52, 54, 106, 108, 114–115, and 123 — respond to exhibit-incorporated allegations with a uniform formula: the documents "speak for themselves"; the Complaint "mischaracterizes" them; Defendants "deny the inferences which Plaintiff has drawn therefrom." Several of those paragraphs are tied to exhibits containing recorded statements made by named Defendants. Under Fed. R. Civ. P. 10(c), those exhibits are part of the Complaint for all purposes. Declining to admit or deny the factual content of a recorded statement, while characterizing it only as a disputed inference, does not fairly respond to the substance of the allegation as Rule 8(b)(2) requires.

## II.  PROCEDURAL BACKGROUND

Plaintiff filed the Complaint in this action in the Southern District of West Virginia, Beckley Division. Defendants were served and filed their Answer on June 17, 2026. ECF No. 34. No scheduling order has been entered under Fed. R. Civ. P. 16 and no discovery has commenced.

## III.  THE COMPLAINT'S STRUCTURE

Prior to the numbered Statement of Facts, the Complaint contains a "Basis For Jurisdiction" section (two paragraphs), a "Constitutional Provisions" section (three paragraphs), and a "Federal Statutes" section (four paragraphs) — nine paragraphs in total before paragraph 1 of the Statement of Facts. The Statement of Facts is numbered consecutively from paragraph 1 through 90, and Counts I through VII continue through paragraph 167.

The Complaint also incorporates twenty-one exhibits — Exhibits A through U — directly into the numbered paragraphs of the Statement of Facts and Counts. Under Fed. R. Civ. P. 10(c), those exhibits are part of the pleading for all purposes.

## IV.  THE PRELIMINARY STATEMENT'S RESPONSES ARE INSUFFICIENT UNDER RULE 8(b)

### A.  The Color-of-State-Law Allegation Is a Factual Predicate

One of the nine introductory paragraphs alleges that at all relevant times each named Defendant was acting under color of state law within the scope of their employment, office, or authority as an agent of the State of West Virginia or the City of Beckley, and that each Defendant is sued in both their individual and official capacities.

To maintain a § 1983 claim, a plaintiff must "show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Because acting under color of state law is an element that must be shown, it is a required factual predicate — not a pure legal conclusion — and required a specific admission or denial under Rule 8(b), not a characterization as a legal conclusion.

The allegation also identifies each Defendant's scope of employment and official capacity. Defendants admitted the specific employment positions of each named Defendant in the Statement of Facts section of their Answer. See ECF No. 34, ¶¶ 1–7. The same capacity allegations in the introductory paragraphs required the same treatment.

### B.  The Generic Fallback Denial Does Not Fairly Respond to the Substance

The Preliminary Statement applies the same template to all nine paragraphs: the matters asserted "represent legal conclusions, rather than allegations of fact" and therefore do not require a response. A party may characterize an allegation as a legal conclusion in the course of denying it, but the characterization is not a substitute for the denial.

The appended fallback — a blanket denial of any factual content contained in each paragraph — does not remedy the deficiency. Rule 8(b)(2) requires that a denial "fairly respond to the substance of the allegation." A blanket fallback applied uniformly to nine disparate paragraphs, without identifying which factual content is being denied, does not fairly respond to the substance of any individual allegation.

Fed. R. Civ. P. 8(b)(6) provides: "An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied." The factual allegation that each Defendant acted under color of state law within the scope of their employment or official authority was not properly denied. Rule 8(b)(6) operates on that failure.

## V.  THE "SPEAKS FOR ITSELF" RESPONSES ARE INSUFFICIENT UNDER RULE 8(b) AND 10(c)

### A.  Exhibits Are Part of the Pleading

Fed. R. Civ. P. 10(c) provides: "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." The Complaint incorporates Exhibits A through U by direct reference throughout the Statement of Facts and Counts. The factual content of those exhibits is part of the allegations in the paragraphs that reference them.

### B.  The Pattern of Non-Responsive Answers

Twenty-eight paragraphs of the Answer — ¶¶ 17, 19–21, 26–37, 39, 47–52, 54, 106, 108, 114–115, and 123 — respond to exhibit-tied allegations using the same formula: the documents "speak for themselves"; the Complaint "mischaracterizes and misconstrues" them; Defendants "deny the inferences which Plaintiff has drawn therefrom."

That formula has a recognized but limited application. Where a complaint characterizes the legal effect or meaning of a document, a defendant may respond that the document speaks for itself and deny the characterization. That is not what these twenty-eight paragraphs allege. Where a complaint alleges a specific fact directly contained in an exhibit — a statement that was made, an admission that occurred, an event that was recorded — the allegation is not an inference. It is the factual content of the exhibit itself, which is part of the Complaint under Rule 10(c). Denying inferences does not constitute an admission or denial of the underlying factual assertion.

## C. The Transcript-Based Allegations

Exhibits E and G are transcripts of recorded telephone calls made on September 15, 2025 between Plaintiff and named Defendants.

Exhibit E is a transcript of a recorded call with Defendant Johnson. Complaint ¶¶ 66–68 allege, with citation to Exhibit E, that Defendant Johnson admitted on record that she could not provide a tracking number, a signed Certificate of Service, or any valid proof that Plaintiff received notice of the August 21, 2025 hearing, and that she admitted notice was sent only "in response to [Plaintiff's] emails" rather than through formal legal service.

Exhibit G is a transcript of a recorded call with Defendant Campbell. Complaint ¶ 62 alleges, with citation to Exhibit G at 12:25, that Defendant Campbell stated: "I mean, that's their payment if that's what it wants to be."

Those allegations do not ask the Court to draw inferences. They allege that specific statements were made. Those exhibits either contain those statements or they do not. That is a binary factual question requiring an admission or a denial under Rule 8(b). Characterizing the allegation as a disputed inference and declining to address the content of the recording does not constitute a proper response.

## D. The Single Admission Confirms the Standard Defendants Can Meet

Answer ¶ 62 states: "Defendants admit that Defendant Zachary Blosser was present on September 15, 2025." That admission corresponds to Exhibit S, a photograph depicting Defendant Blosser at the entrance to Plaintiff's driveway. A photograph directly records a fact. Defendants responded to it with a direct admission.

A recorded statement directly records what was said. The same standard applies. Defendants' capacity to admit the content of a photograph while declining to admit or deny the content of recordings made the same day is not a principled distinction under Rule 8(b).

Rule 8(b)(6) applies to each exhibit-tied allegation for which the "speaks for itself / deny the inferences" formula does not constitute a proper denial of the underlying factual assertion.

## VI.  RULE 8(b)(6): THE LEGAL CONSEQUENCE OF INSUFFICIENT DENIALS

Fed. R. Civ. P. 8(b)(6) states: "An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied." This provision operates as a matter of law. It does not require the Court to make an affirmative ruling in order to take effect; it attaches to any factual allegation for which no proper denial was entered.

Plaintiff moves for an order recognizing the operation of Rule 8(b)(6) with respect to: (1) the factual content of the nine introductory paragraphs — specifically the allegation that each Defendant acted under color of state law — for which the Preliminary Statement's generic fallback did not fairly respond to the substance; and (2) the factual content of the twenty-eight exhibit-tied paragraphs for which the "speaks for itself / deny the inferences" formula did not constitute a proper admission or denial of the underlying factual assertions.

## VII.  RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1.  RECOGNIZE, pursuant to Fed. R. Civ. P. 8(b)(6), that the factual allegation that each named Defendant acted under color of state law within the scope of their employment or official authority — contained in the introductory paragraph of the Complaint addressed in Answer ¶¶ 1–9 — is admitted, the generic fallback denial in the Preliminary Statement having failed to fairly respond to the substance of that allegation as required by Rule 8(b)(2);

2.   ORDER, pursuant to Fed. R. Civ. P. 8(b)(6) and 10(c), that the factual assertions directly contained in the exhibit-incorporated allegations addressed in Answer ¶¶ 17, 19–21, 26–37, 39, 47–52, 54, 106, 108, 114–115 and 123 are admitted where no specific denial of the underlying factual allegations contained in those exhibits appears in the corresponding responses; and

3.  GRANT such further relief as the Court deems just and proper.

Respectfully submitted,

**MAGUS JAMYE REFICUL AHNEND**

Plaintiff Pro Se

107 Murray Street

Beckley, West Virginia 25801

Dated: _June 18, 2020_

## CERTIFICATE OF SERVICE

I, Magus Jamye Reficul Ahnend, hereby certify that on the date set forth below, I served
a true and correct copy of the foregoing document:
**PLAINTIFF'S OBJECTION TO DEFENDANTS' ANSWER (ECF No. 34)**

**AND MOTION FOR ORDER OF DEEMED ADMISSIONS
PURSUANT TO FED. R. CIV. P. 8(b)(1), 8(b)(2), 8(b)(6), AND 10(c)
WITH INCORPORATED MEMORANDUM OF LAW**

upon counsel for Defendants by depositing the same in the United States mail, first class
postage prepaid, addressed as follows:

Jared C. Underwood, Esq.

Austin H. Johnson, Esq.

Steptoe & Johnson PLLC

P.O. Box 1588

Charleston, West Virginia 25326-1588

and mailed a true and correct copy of the foregoing Motion:
**PLAINTIFF'S OBJECTION TO DEFENDANTS' ANSWER (ECF No. 34)**

**AND MOTION FOR ORDER OF DEEMED ADMISSIONS
PURSUANT TO FED. R. CIV. P. 8(b)(1), 8(b)(2), 8(b)(6), AND 10(c)
WITH INCORPORATED MEMORANDUM OF LAW**

to the
Clerk of the United States District Court for the Southern District of West Virginia,
110 North Heber Street,
Beckley, WV 25801,
by United States Mail, postage prepaid. As no defendant has yet appeared through counsel in this
action, no further service is presently required. Upon entry of any Order granting this Motion,
Plaintiff will provide notice to Defendant Blosser consistent with the Federal Rules.

_____

**Magus Jamye Reficul Ahnend**

Plaintiff Pro Se

Dated: _____June 18, 2026_____