MAGUS JAYME REFICUL AHNEND,

      Plaintiff,

v.

                                   CIVIL ACTION NO. 5:26-cv-00281

SHEILA JOHNSON,
*Municipal Court Clerk/IT Administrative Assistant*, and
JEANNIE CAMPBELL,
*Code Enforcement Agent*, and
ROBERT DONELOW,
*Code Enforcement Officer*, and
GAVIN G. WARD,
*Attorney at Law, State Bar #: 12301*, and
MATTHEW FRAGILE,
*Judge Beckley Municipal*, and
ZACHARY BLOSSER,
*Police Officer of the City of Beckley P.D*,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are Plaintiff Magus Jayme Reficul Ahnend's (1) objections, [ECF 9; ECF 14; ECF 19; ECF 20; ECF 21; ECF 42], to pretrial orders entered by the Honorable Omar J. Aboulhosn, United States Magistrate Judge, [ECF 6; ECF 7; ECF 11; ECF 13; ECF 18; ECF 40], (2) three successive motions to disqualify Magistrate Judge Aboulhosn, [ECF 21; ECF 22; ECF 42], and (3) two motions to stay Mr. Ahnend's three pending cases -- that is Civil Action No. 5:26-cv-00199, Civil Action No. 5:26-cv-00281, and Civil Action No. 5:26-cv-00291 -- pending review of Mr. Ahnend's objections. [ECF 20; ECF 42].

## I.

This action arises from proceedings before the Municipal Court of Beckley, West Virginia centered on Mr. Ahnend's "Zoning & Code Compliance Violation[s]." [*See* ECF 2 at 4–10]. On April 21, 2026, Mr. Ahnend filed an Application to Proceed in District Court Without Prepaying Fees or Costs [ECF 1] and a Complaint. [ECF 2]. Mr. Ahnend's Complaint asserts numerous claims for alleged violations of: (1) his Fourth and Fourteenth Amendment federal constitutional rights pursuant to 42 U.S.C. § 1983, (2) his civil rights pursuant to Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973, (3) his state constitutional rights pursuant to Article III §§ 6 and 10 of the West Virginia Constitution, and (4) state law, including "Unlawful Taking of Timber" pursuant to West Virginia Code § 61-3-48a and "Abuse of Process." [*Id.* at 10–17].

This action has been referred to Magistrate Judge Aboulhosn, for pretrial management and submission of a Proposed Finding of Fact and Conclusions of Law ("PF&R").

On April 21, 2026, Mr. Ahnend filed a Motion for Leave to Register for and use the Court's CM/ECF Electronic Filing System as a Pro Se Litigant. [ECF 3]. On May 6, 2026, Magistrate Judge Aboulhosn entered an order denying the motion inasmuch as he (1) "fail[ed] to explain how granting him CM/ECF access w[ould] enhance the reliability of his pleadings, or how not granting him such access [would] constitute[] an unequal denial of access to this Court," (2) could "submit paper filings to the Clerk via U.S. Mail" rather than "submit filings in person at the Courthouse," and (3) had successfully submitted filings in two other cases without access to CM/ECF. [ECF 7]. On May 11, 2026, Mr. Ahnend filed a motion that contained an objection to the order denying his Motion for Leave to Register for and use the Court's CM/ECF Electronic Filing System as a Pro Se Litigant. [ECF 9].

On May 1, 2026, Mr. Ahnend filed a Motion for Recusal and Disqualification of Magistrate Judge Omar J. Aboulhosn Pursuant to 28 U.S.C. §455(a) and 144. [ECF 5]. On May 6, 2026, Magistrate Judge Aboulhosn entered an order denying the motion inasmuch as he found "no valid basis for disqualification . . . or re-assignment of th[e] matter." [ECF 6 at 2]. Magistrate Judge Aboulhosn reasoned (1) he had no "personal bias or prejudice concerning [Mr. Ahnend]," (2) "his impartiality cannot reasonably be questioned" and (3) the basis of the motion rests "solely on [his] prior rulings in other civil actions involving" Mr. Ahnend. [*Id.*]. On May 11, 2026, Mr. Ahnend filed a motion that contained an objection to the order denying his Motion for Recusal and Disqualification of Magistrate Judge Omar J. Aboulhosn Pursuant to 28 U.S.C. § 455(a) and 144. [ECF 9].

On May 8, 11, and 13, 2026, respectively, Mr. Ahnend filed in total four motions to consolidate his three pending cases in this district -- that is, Civil Action No. 5:26-cv-00199, Civil Action No. 5:26-cv-00281, and Civil Action No. 5:26-cv-00291. [ECF 8; ECF 9;[1] ECF10; ECF 12]. On May 12, 2026, Magistrate Judge Aboulhosn entered an order denying Mr. Ahnend's motions filed at ECF 8 and ECF 10 inasmuch as (1) consolidation was inappropriate based on Mr. Ahnend's three pending cases being in different procedural postures, and (2) "the three civil actions . . . do not concern the same underlying facts[] or pertain to the same causes of action." [ECF 11]. On May 13, 2026, Magistrate Judge Aboulhosn entered an order denying Mr. Ahnend's motion filed at ECF 12 "[f]or the reasons set forth in the Court's previous Order." [ECF 13 (quoting

---

[1] The filing submitted at ECF 9 includes, *inter alia*, (1) objections to the orders denying his motions for Leave to Register for and use the Court's CM/ECF Electronic Filing System as a Pro Se Litigant and for Recusal and Disqualification of Magistrate Judge Omar J. Aboulhosn Pursuant to 28 U.S.C. § 455(a) and 144, (2) a Motion for Consolidation, and (3) a "Motion for Default Judgment or, in the Alternative, MOTION to Strike Magistrate's DeFacto Defenses." [ECF 9].

ECF 11)]. On May 13, 2026, and May 19, 2026, Mr. Ahnend filed objections to the orders denying his motions to consolidate entered at ECF 8, 10, 12. [ECF 14; ECF 19].

On May 15, 2026, Mr. Ahnend filed a Motion for Appointment of Pro Bono Counsel Pursuant to 28 U.S.C. §1915(e)(1). [ECF 15]. On May 19, 2026, Magistrate Judge Aboulhosn entered an order denying Mr. Ahnend's motion seeking appointment of counsel inasmuch as (1) his inability to find an attorney and alleged medical limitations do "not constitute exceptional circumstances warranting appointment of counsel," (2) there is "no indication [Mr. Ahnend] is incapable of representing himself in [sic] this point in the proceedings," and (3) the "factual and legal issues presented neither appear complex nor require extensive investigation." [ECF 18 at 2–3]. On May 21, 2026, Mr. Ahnend filed an objection asserting, *inter alia*, (1) his case is sufficiently complex to warrant appointment of counsel, and (2) Magistrate Judge Aboulhosn failed to consider or analyze necessary factors in determining whether counsel should be appointed. [ECF 21 (citing *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989))].

On May 21, 2026, Mr. Ahnend filed an "Emergency Motion for Immediate Stay of All Proceedings in Civil Action Nos. 5:26-cv-00199, 5:26-cv-00281, and 5:26-cv-00291 Pending Chief Judge Volk's Immediate De Novo Review of All Pending Rule 72(a) Objections." [ECF 20].

On July 8, 2026, Magistrate Judge Aboulhosn entered an Order and Notice providing certain deadlines pursuant to *Local Rule of Civil Procedure* 16.1. [ECF 40]. On July 14, 2026, Mr. Ahnend submitted a filing including, *inter alia*, "Objection to ECF 40," "Renewed Motion to Disqualify Magistrate Judge Aboulhosn," and "Incorporation of All Unresolved Objections, Stay Requests, and Recusal Submissions." [ECF 42].

**II.**

Under *Federal Rule of Civil Procedure* 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). "A party may serve and file objections to the order within 14 days after being served with a copy." *Id*. "A party may not assign as error a defect in the order not timely objected to." *Id*. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*.

**III.**

Mr. Ahnend timely filed each of his objections. Mr. Ahnend's arguments contained in his objections largely reiterate his arguments previously made, but he nevertheless makes cognizable objections, [*see* ECF 9; ECF 14; ECF 19; ECF 21; ECF 42], to Magistrate Judge Aboulhosn's orders, [*see* ECF 6; ECF 7; ECF 11; ECF 13; ECF 18; ECF 40], denying his (1) Motion for Leave to Register for and use the Court's CM/ECF Electronic Filing System as a Pro Se Litigant, [ECF 3], (2) motions to consolidate, [ECF 8; ECF 10; ECF 12], (3) Motion for Appointment of Pro Bono Counsel Pursuant to 28 U.S.C. §1915(e)(1), [ECF 15], and (4) motion to disqualify pursuant to 28 U.S.C. §§ 455(a), 455(b)(1), and 144. [*See* ECF 5]. The objections are considered in turn below. The Court also considers Mr. Ahnend's successive motions to disqualify Magistrate Judge Aboulhosn, [ECF 9; ECF 20; ECF 21; ECF 22; ECF 42] and motions to stay. [ECF 20; ECF 42].

*A.*     ***CM/ECF Electronic Filing System***

On May 6, 2026, Magistrate Judge Aboulhosn concluded Mr. Ahnend (1) "fail[ed] to explain how granting him CM/ECF access w[ould] enhance the reliability of his pleadings, or how not granting him such access [would] constitute[] an unequal denial of access to this Court," (2) could "submit paper filings to the Clerk via U.S. Mail" rather than "submit filings in person at the Courthouse," and (3) had successfully submitted filings in two other cases without access to CM/ECF. [ECF 7].

Mr. Ahnend objects to Magistrate Judge Aboulhosn's May 6, 2026, order denying his motion seeking CM/ECF access on the following bases: (1) Magistrate Judge Aboulhosn's order violates Title II of the Americans with Disabilities Act ("ADA"), (2) his terminal illness is a barrier to proceeding by U.S. Mail, and (3) his competence and success in prosecuting his three cases should not bar his access to CM/ECF. [ECF 9 at 5–7].

"*Federal Rule of Civil Procedure* 5(d)(3)(B)(i) says pro se litigants may 'file electronically only if allowed by court order or by local rule.'" *Folse v. Hoffman*, 122 F.4th 80, 82 (4th Cir. 2024) (quoting Fed. R. Civ. P. 5(d)(3)(B)(i)). Pursuant to the Southern District of West Virginia Administrative Procedures for Electronic Case Filing, "[n]on-prisoner pro se filers may be permitted to file electronically only when permission of the court has been requested, and the court has granted such request by Order."

The first objection is without merit inasmuch as the ADA does not apply to federal courts. *See United States v. Wishart*, 146 F. App'x. 171, 173 (9th Cir. 2005) ("By definition, the ADA does not apply to the federal government."); *Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012) (citing 42 U.S.C. § 12131(1)(A)) ("While the . . . ADA[] requires state courts to make disability accommodations, the ADA does not apply to federal courts."); *see*

*also Clay v. Wall*, Case No. 17-506 WES, 2019 WL 113718 at *3 (D. R.I. Jan. 4, 2019) ("Federal courts are not 'public entities' subject to the public services provisions of Title II of the ADA."); *Anders v. South Carolina*, No. 2:24-CV-06311-BHH-MGB, 2025 WL 1169191, at *4 (D.S.C. Mar. 31, 2025), *report and recommendation adopted*, No. 2:24-CV-6311-BHH, 2025 WL 1167492 (D.S.C. Apr. 21, 2025) ("[A] federal court does not fall within the definition of a 'public entity' under the ADA and [so] the ADA . . . does not apply to federal courts."); *Yhanka A. Veras, Plaintiff, v. Sarah Netburn, Defendant.*, No. 25-CV-9568 (LLS), 2026 WL 1802132, at *2 (S.D.N.Y. June 18, 2026) (concluding "even if Plaintiff had requested [the Magistrate Judge for] an accommodation, any denial of . . . a[n accommodation] request would not violate the ADA because the ADA does not apply to the federal courts"). Further, although Mr. Ahnend's health circumstances are regrettable, Magistrate Judge Aboulhosn made no error when he concluded Mr. Ahnend could proceed by U.S. Mail. The difficulties forming the basis of his original motion include "appear[ing] physically at the Clerk's Office to submit paper filings," "travel[ing] to and from a courthouse," and experiencing "psychological demands of in person administrative interactions." [ECF 3 at 3]. Proceeding by U.S. Mail circumvents Mr. Ahnend's claimed difficulties. Now, in addition to those alleged barriers, Mr. Ahnend also cites "financial . . . barriers . . . that make it extraordinarily difficult to acquire postage and submit envelopes to a mail carrier." [ECF 9 at 6]. Although acquiring stamps and mailing envelopes may add a modest cost to litigation, cost is merely an unfortunate collateral consequence of litigation and does not warrant access to CM/ECF. Finally, contrary to Mr. Ahnend's contention, Magistrate Judge Aboulhosn appropriately cited Mr. Ahnend's successful filings in his two other pending cases as evidence of his ability to proceed without access to CM/ECF inasmuch as his successful filings without access illustrates his ability to proceed similarly in this case.

7

Accordingly, to the extent Mr. Ahnend's filing at ECF 9 is an objection to Magistrate Judge Aboulhosn's May 6, 2026, order denying his motion seeking CM/ECF access, the Court **OVERRULES** the objection [**ECF 9**] and **ADOPTS** the order. [**ECF 7**].

**B.** ***Recusal and Disqualification Pursuant to 28 U.S.C. §§ 455(a), (b)(1), and 144***

On May 1, 2026, Mr. Ahnend filed a Motion for Recusal and Disqualification of Magistrate Judge Omar J. Aboulhosn Pursuant to 28 U.S.C. §455(a) and 144. [ECF 5]. On May 6, 2026, Magistrate Judge Aboulhosn entered an order denying the motion inasmuch as he found "no valid basis for disqualification . . . or re-assignment of th[e] matter." [ECF 6 at 2]. Magistrate Judge Aboulhosn reasoned (1) he had no "personal bias or prejudice concerning [Mr. Ahnend]," (2) "his impartiality cannot reasonably be questioned" and (3) the basis of the motion rests "solely on [his] prior rulings in other civil actions involving" Mr. Ahnend. [*Id.*]. On May 11, 2026, Mr. Ahnend filed a motion that contained an objection to the order denying his motion seeking recusal. [ECF 9].

On May 21, 2026, Mr. Ahnend filed a motion that contained a section titled "Notice: Judicial Council Complaint Against Magistrate Judge Aboulhosn" in which he asserts "referral . . . is independently compelled by §455(a)" as a result of the judicial council complaint Mr. Ahnend filed. [ECF 21 at 7]. On May 22, 2026, Mr. Ahnend filed a document titled "Alification [sic] of Magistrate Judge Omar J. Aboulhosn Pursuant to 28 U.S.C. §§ 455(a), 455(b)(1), and 144" seeking disqualification based on Magistrate Judge Aboulhosn's denial of Mr. Ahnend's Applications to Proceed Without Prepayment of Fees or Costs in Civil Action No. 5:26-cv-00199 and Civil Action No. 5:26-cv-00291. [ECF 22]. On July 14, 2026, Mr. Ahnend filed a document titled, *inter alia*, Renewed Motion to Disqualify Magistrate Judge Aboulhosn Under 28 U.S.C. § 455(a) and (b)(1). [ECF 42].

Pursuant to 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The United States Court of Appeals for the Fourth Circuit has observed that the test is an objective one, requiring a judge to "disqualify himself whenever his 'impartiality might reasonably be questioned.'" *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (quoting *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987)). In other words, the proper inquiry to be applied is "whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses all the facts and circumstances." *Newport News Holdings Corp., v. Virtual City Vision, Inc.*, 650 F.3d 423, 433 (4th Cir. 2011) (quoting *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998)). Absent extraordinary circumstances, "a nonjudicial source must be present to raise the appearance of impropriety." *United States v. Morris*, 988 F.2d 1335, 1337 (4th Cir. 1993). Simply put, "[t]he nature of the judge's bias must be personal and not judicial." *Beard*, 811 F.2d at 827. Additionally, a reasonable observer "is not a person unduly suspicious or concerned about a trivial risk that a judge may be biased." *DeTemple*, 162 F.3d at 287. "A presiding judge is not, however, required to recuse himself simply because of unsupported, irrational, or highly tenuous speculation" or because a judge "possesses some tangential relationship to the proceedings." *Cherry*, 330 F.3d at 665 (internal quotations omitted).

Section 455(b), in turn, provides a list of situations requiring recusal, including where a judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Like Section 455(a), "§ 455(b)(1) carr[ies] an 'extrajudicial source limitation' . . . under which bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceeding at hand' in order to disqualify a judge." *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) (quoting *Liteky v. United States*, 510 U.S. 540, 545–51 (1994)). In applying the extrajudicial source

limitation, the Supreme Court has recognized that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. As explained by the Supreme Court of the United States, without more, such rulings alone "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.*

Finally, "[u]nder 28 U.S.C. § 144, 'whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.'" *Megaro v. McCollum*, 66 F.4th 151, 163 n.5 (4th Cir. 2023) (quoting 28 U.S.C. § 144); *see also Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co.*, 748 F.3d 160, 167 n.3 (4th Cir. 2014) (citing 28 U.S.C. § 144) ("28 U.S.C. § 144 provides parties with one opportunity per case to file an affidavit that the presiding judge has a personal bias or prejudice regarding a party. If the affidavit is [legally] sufficient, accompanied by a certificate of good faith, and timely filed, another judge will be assigned to the proceeding."). "The affidavit 'shall state the facts and the reasons for the belief that bias or prejudice exists[.]'" *Id.* (quoting 28 U.S.C. § 144).

"The filing of the affidavit does not itself automatically effect the ouster. Instead the legal sufficiency of the facts alleged . . . must be passed upon by the target judge. . . . If the target judge finds them legally sufficient, then the disqualification is automatically effected." *Marty's Floor Covering Co. v. GAF Corp.*, 604 F.2d 266, 268 (4th Cir. 1979) (cleaned up); *see also Berger v. United States*, 255 U.S. 22, 35 (1921) ("[A]n affidavit upon information and belief satisfies the section and . . . upon its filing, if it show the objectionable inclination or disposition of the judge, which we have said is an essential condition, it is his duty to 'proceed no further' in

the case."); *Walsh v. Comey*, 110 F. Supp. 3d 73, 76–77 (D.D.C. 2015) (cleaned up) ("Importantly, the mere fact that a party has filed a § 144 motion, accompanied by the requisite affidavit and certificate of counsel, does not automatically result in the challenged judge's disqualification."). "Rather, recusal is required *only* upon the filing of a 'timely and *sufficient* affidavit.'" *Comey*, 110 F. Supp. 3d at 76 (cleaned up). "The question of whether the motion and supporting affidavit is . . . legally sufficient is for th[e] Court to determine in the first instance" by considering whether the "facts [are] set forth with sufficient particularity that 'would fairly convince a sane and reasonable mind that the judge does in fact harbor the personal bias or prejudice contemplated by the statute.'" *Comey*, 110 F. Supp. 3d at 77 (cleaned up). "To be considered legally sufficient the affidavits must allege *personal* bias or prejudice *caused by an extrajudicial source other than what the judge has learned or experienced from his participation in the case*." *Sine v. Loc. No. 992 Int'l Bhd. of Teamsters*, 882 F.2d 913, 914 (4th Cir. 1989) (quoting *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966)) (second emphasis added); *United States v. Richards*, 737 F.2d 1307, 1311 (4th Cir. 1984) (concluding "recusal [pursuant to 28 U.S.C. § 144] was not required . . . since [the allegation of bias or prejudice] d[id] not stem from an extra-judicial source").

Mr. Ahnend seeks disqualification of Magistrate Judge Aboulhosn based on (1) rulings against him in Civil Action No. 5:26-cv-00199 and Civil Action No. 5:26-cv-00291 as well as the manner in which Magistrate Judge Aboulhosn handled the cases, (2) Magistrate Judge Aboulhosn's initial review and denial of the motion to disqualify in the instant case, and (3) Mr. Ahnend's pending judicial council complaint against Magistrate Judge Aboulhosn premised on his handling of Mr. Ahnend's cases. [*See generally* ECF 5; ECF 9; ECF 21; ECF 22; ECF 42].

Upon review, it is apparent Mr. Ahnend's allegations of bias and his disqualification requests pursuant to 28 U.S.C. §§ 455(a), (b)(1), and 144 arise entirely from his

11

displeasure with Magistrate Judge Aboulhosn's rulings, rather than any extrajudicial source. For example, Mr. Ahnend accuses Magistrate Judge Aboulhosn of improperly (1) "adjudicat[ing] the defendants' cases for them" while conducting his § 1915 prescreening review, (2) *sua sponte* sealing Mr. Ahnend's medical records -- containing his personal identifying and medical information -- and subsequently considering those records in preparing his PF&R, (3) characterizing Mr. Ahnend's various filings as "unsupported," "conclusory," "meandering," "verbose," and representing "delusional or fantastic scenarios," and (4) including a warning in Civil Action No. 5:26-cv-199 that filing frivolous or factually unsupported actions could result in sanctions under *Federal Rule of Civil Procedure* 11. [*See generally* ECF 5; ECF 9; ECF 21; ECF 22; ECF 42].

First, Magistrate Judge Aboulhosn's pre-suit screening pursuant to 28 U.S.C. § 1915 and his analysis of the sufficiency of the allegations -- in which he used terms such as "unsupported," "conclusory," "meandering," etc. -- does not provide a basis for disqualification or show bias or prejudice. *See Nagy v. FMC Butner*, 376 F.3d 252, 256 (4th Cir. 2004) ("This court has indicated the ability to dismiss frivolous complaints under § 1915—an ability which Congress not only maintained but strengthened through the 1996 amendments—confers 'wide latitude' and 'meaningful discretion' upon district courts."). It is a necessary part of § 1915's gatekeeping function to scrutinize the allegations asserted in the complaint to determine whether the plaintiff has alleged a cognizable claim. This includes identifying applicable defenses and principles of law that would serve to defeat the claims alleged, as well as determining whether the named defendants are amenable to suit. Indeed, the primary purpose of the frivolous inquiry under § 1915 is to "ensure[ ] that federal resources [are] not . . . wasted on baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Id*. at 255. Second, neither

12

Magistrate Judge Aboulhosn's order sealing Mr. Ahnend's medical records containing his personally identifying information in Civil Action No. 5:26-cv-00199 pursuant to Rule 5.2, nor his subsequent consideration of those records, provides a basis for disqualification. Third, the fact that Magistrate Judge Aboulhosn included a Rule 11 warning does not, in any way, support Mr. Ahnend's claim of bias. Fourth, the fact that Magistrate Judge Aboulhosn considered the motion to disqualify was appropriate and is not a sufficient basis for disqualification. Contrary to Mr. Ahnend's assertion, disqualification pursuant to § 144 is not automatic, *see Berger*, 255 U.S. at 35 ("*if* [the affidavit] show[s] the objectionable inclination or disposition of the judge, which we have said is an essential condition, it is [the judge's] duty to proceed no further in the case") (emphasis added) (cleaned up), and consideration of the legal sufficiency of the affidavit is for the "target judge" to consider in the first instance, *see Marty's Floor Covering Co.*, 604 F.2d at 268. Fifth, Mr. Ahnend's pending judicial council complaint against Magistrate Judge Aboulhosn premised on his handling of Mr. Ahnend's cases likewise does not reflect any bias, prejudice, or that his impartiality might reasonably be questioned inasmuch as his judicial complaint is premised on the same allegations Mr. Ahnend makes in the pending objections and motions. That is -- the complaint is not based on any "extrajudicial source." *Sine*, 882 F.2d at 914.

At bottom, Mr. Ahnend's bases for disqualification reflect mere disagreement with judicial rulings and unsupported, irrational, or highly tenuous allegations. *See Cherry*, 330 F.3d at 665; *Liteky*, 510 U.S. at 555 ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *see also Marty's Floor Covering Co.*, 604 F.2d at 268. No "reasonable, well-informed observer who assesses all the facts and circumstances" could conclude otherwise. *Newport News Holdings Corp.*, 650 F.3d at 433. Each of his alleged "grounds . . . [is] inadequate [inasmuch as] . . . [t]hey consist of judicial rulings, routine . . . administration efforts, and ordinary

13

admonishments . . . [and] [a]ll occurred in the course of judicial proceedings. *Liteky*, 510 U.S. at 556. Magistrate Judge Aboulhosn "neither (1) relied upon knowledge acquired outside [the] proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *Id.* Therefore, Mr. Ahnend's allegations are legally insufficient to warrant disqualification pursuant to 28 U.S.C. § 455(a), recusal pursuant to § 455(b)(1), or reassignment pursuant to § 144.

Accordingly, to the extent Mr. Ahnend's filing at ECF 9 is an objection to Magistrate Judge Aboulhosn's May 6, 2026, order denying his motion seeking recusal and disqualification, the Court **OVERRULES** the objection [**ECF 9**] and **ADOPTS** the order. [**ECF 6**]. Further, to the extent Mr. Ahnend's filings at ECF 21, ECF 22, and ECF 42 can be construed as independent motions to disqualify Magistrate Judge Aboulhosn pursuant to 28 U.S.C. §§ 455(a), 455(b)(1), and 144, the Court **DENIES** the motions. [**ECF 21**; **ECF 22**; **ECF 42**]. To the extent Mr. Ahnend's filing at ECF 42 is an objection to the Order and Notice [ECF 40] entered by Magistrate Judge Aboulhosn, the Court further **OVERRULES** the objection [**ECF 42**] and **ADOPTS** the order inasmuch as the objection is premised upon Mr. Ahnend's pending motions for recusal and disqualification, which have been denied. [**ECF 40**].

## C.    *Consolidation*

On May 8, 11, and 13, 2026, respectively, Mr. Ahnend filed in total four motions to consolidate his three pending cases in this district -- that is, Civil Action No. 5:26-cv-00199, Civil Action No. 5:26-cv-00281, and Civil Action No. 5:26-cv-00291. [ECF 8; ECF 9; ECF 10; 12].[2] On May 12, 2026, Magistrate Judge Aboulhosn denied Mr. Ahnend's motions filed at ECF

---

[2] The Court construes ECF 9, in part, as a motion to consolidate inasmuch as the title includes, *inter alia*, "MOTION FOR CONSOLIDATION" and the prayer for relief includes, *inter alia*, a request to "CONSOLIDATE Civil Action Nos. 5:26-cv-00199, 5:26-cv-00281, and 5:26-

8 and ECF 10 inasmuch as (1) consolidation was inappropriate based on Mr. Ahnend's three pending cases being in different procedural postures, and (2) "the three civil actions . . . do not concern the same underlying facts[] or pertain to the same causes of action." [ECF 11]. On May 13, 2026, Magistrate Judge Aboulhosn entered an order denying Mr. Ahnend's motion filed at ECF 12 "[f]or the reasons set forth in the Court's previous Order." [ECF 13 (quoting ECF 11)]. On May 13, 2026, and May 19, 2026, Mr. Ahnend filed objections to the orders denying his motions to consolidate entered at ECF 8, 10, 12. [ECF 14; ECF 19].

"Rule 42(a) . . . provides that if 'actions before the court involve a common question of law or fact, the court *may*' take one of three measures." *Hall v. Hall*, 584 U.S. 59, 65 (2018) (quoting Fed. R. Civ. P. 42(a)) (emphasis added). "First, the court may 'join for hearing or trial any or all matters at issue in the actions.'" *Id.* (quoting Fed. Rule Civ. Proc. 42(a)(1)). "Second, the court may 'consolidate the actions.'" *Id.* (quoting Rule 42(a)(2)). "Third, the court may 'issue any other orders to avoid unnecessary cost or delay.'" *Id.* (quoting Rule 42(a)(3)). "Rule 42(a) requires the . . . court to determine 'whether the specific risks of prejudice and possible confusion' from consolidation 'were overborne by the risk of inconsistent adjudications . . . , the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all[.]'" *Campbell v. Bos. Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018).

The instant action arises from proceedings before the Municipal Court of Beckley, West Virginia centered on Mr. Ahnend's "Zoning & Code Compliance Violation[s]." [*See* ECF 2 at 4–10]. Civil Action No. 5:26-cv-00199 arose from Mr. Ahnend's "admittedly falsified domestic

---

cv-00291 under Lead Case No. 5:26-cv-00199; and RE-STYLE the consolidated action as Ahnend v. State of West Virginia, et al.[.]" [ECF 9 at 1, 13].

violence-related police report against his former partner, . . . his resulting criminal prosecution for the same in the Circuit Court of Raleigh County, . . . his unsuccessful, February 2024 Domestic Violence Petition and Emergency Protective Order . . . and related proceedings in the Magistrate and Family Courts of Raleigh County, and . . . his successful, March 2025 Petition for Personal Safety Order . . . and related proceedings in the Magistrate Court of Raleigh County." *Ahnend v. Kostenko et al*, Civil Action No. 5:26-cv-00199, ECF 27 at 2. Finally, Civil Action No. 5:26-cv-00291 arises from the alleged wrongful foreclosure of property located at 205 Maplewood Lane in Beckley, West Virginia. *See Ahnend v. Houck et al*, Civil Action No. 5:26-cv-00291, ECF 2, ECF 6.

As Magistrate Judge Aboulhosn acknowledged, it is apparent the three actions are in different procedural postures, do not concern the same underlying facts, or pertain to the same causes of action. Further, Mr. Ahnend is the plaintiff in each case, but the claims are not asserted against the same defendants. Mr. Ahnend makes allegations based on certain similar constitutional or statutory rights, but for the reasons previously stated, the allegations are nonetheless distinguishable. Indeed, there is no "risk of inconsistent adjudications[,]" rather, there is a very real "risk[] of prejudice and possible confusion from consolidation." *Campbell*, 882 F.3d at 74. Plainly, Magistrate Judge Aboulhosn made no error when he concluded consolidation pursuant to Rule 42(a) was inappropriate. Accordingly, the Court **OVERRULES** the objections [**ECF 14**; **ECF 19**] and **ADOPTS** the orders. [**ECF 11**; **ECF 13**]. Further the Court **DENIES AS MOOT** the successive motion seeking consolidation. [**ECF 9**].

**D.** ***Appointment of Pro Bono Counsel Pursuant to 28 U.S.C. § 1915(e)(1)***

On May 15, 2026, Mr. Ahnend filed a Motion for Appointment of Pro Bono Counsel Pursuant to 28 U.S.C. § 1915(e)(1). [**ECF 15**]. On May 19, 2026, Magistrate Judge

Aboulhosn entered an order denying Mr. Ahnend's motion seeking appointment of counsel inasmuch as (1) his inability to find an attorney and alleged medical limitations do "not constitute exceptional circumstances warranting appointment of counsel," (2) there is "no indication [Mr. Ahnend] is incapable of representing himself in this point in the proceedings," and (3) the "factual and legal issues presented neither appear complex nor require extensive investigation." [ECF 18 at 2–3]. On May 21, 2026, Mr. Ahnend filed an objection asserting, *inter alia*, (1) his case is sufficiently complex to warrant appointment of counsel, and (2) Magistrate Judge Aboulhosn failed to consider or analyze necessary factors in determining whether counsel should be appointed. [ECF 21 (citing *Whisenant*, 739 F.2d at 163)].

It is within a court's discretion to appoint counsel in civil cases. 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel.") (emphasis added); *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024). A request for appointment of counsel should only be granted when the case "presents exceptional circumstances." *Jenkins*, 109 F.4th at 247 (quoting *Whisenant*, 739 F.2d at 162). To determine whether a case presents exceptional circumstances, the Court inquires as follows: "(1) whether the plaintiff 'has a colorable claim' and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff 'lacks the capacity to present it.'" *Id.* (quoting *Whisenant*, 739 F.2d at 163). "If both questions are answered affirmatively, the case presents exceptional circumstances." *Id.* While the United States Court of Appeals for the Fourth Circuit has not provided a specific definition for "exceptional circumstances," when considering whether to appoint counsel, courts should consider the following factors: "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." *Id.* at 248.

The Court notes, contrary to Mr. Ahnend's assertion, Magistrate Judge Aboulhosn did consider and analyze necessary factors in determining whether counsel should be appointed in the order denying Mr. Ahnend's motion seeking appointment of counsel. [*See* ECF 18 at 2–3]. Nevertheless, Mr. Ahnend reasserts his situation presents exceptional circumstances warranting appointment of counsel inasmuch as his case is "facially complex," he has a disability, is receiving medical treatment, lacks access to CM/ECF, and is handling all three of his cases at once. [ECF 21 at 5–7].

Mr. Ahnend takes issue with Magistrate Judge Aboulhosn's reliance on his successful self-representation, [*see* ECF 21 at 6–7], but "whether the plaintiff can represent the claim considering the skill required to do so and the plaintiff's individual abilities" is a critical factor in assessing whether "exceptional circumstances" exist. *Jenkins*, 109 F.4th at 248. Although Mr. Ahnend may suffer from a number of conditions or diagnoses, his objections do nothing to move the needle regarding whether such conditions affect his "individual ability" or his "capacity" to present his claim -- particularly considering his successful self-representation thus far. *Id.* at 247–48.

Magistrate Judge Aboulhosn correctly concluded Mr. Ahnend's case is not sufficiently complex or outside of Mr. Ahnend's ability to represent the case -- this is particularly so considering Mr. Ahnend's non-prisoner pro se status, access to a computer and the internet, and successful citation to the relevant legal authorities throughout this case. Mr. Ahnend's claims regarding his case complexity, medical conditions, lack of access to CM/ECF, and the "exceptional burden" of his other, ongoing cases cannot justify his request for counsel inasmuch as the circumstances simply do not reflect the type of exceptional circumstance warranting appointment of counsel. *See generally Banks v. Gore*, 738 Fed. App'x. 766, 772 (4th Cir. 2018) (concluding a

plaintiff's "inexperience with the law" and "prisoner status do not constitute an 'exceptional circumstance'"). *But see Jenkins*, 109 F.4th at 248 (citing *Whisenant*, 739 F.2d at 163) ("[U]nder *Whisenant*, a plaintiff's lack of general education and legal knowledge could warrant appointment of counsel."); *Evans v. Kuplinski*, 713 F. App'x 167, 170 (4th Cir. 2017) (exceptional circumstances presented where the claim was complex, the plaintiff suffered from severe mental illness, and was committed to a psychiatric facility without access to legal materials). Therefore, Magistrate Judge Aboulhosn made no error when he denied Mr. Ahnend's Motion for Appointment of Pro Bono Counsel Pursuant to 28 U.S.C. § 1915(e)(1).

Accordingly, the Court **OVERRULES** the objection [**ECF 21**] and **ADOPTS** the order. [**ECF 18**].

**IV.**

Based on the foregoing, Mr. Ahnend's objections [**ECF 9**; **ECF 14**; **ECF 19**; **ECF 20**; **ECF 21**; **ECF 42**], are **OVERRULED**. Magistrate Judge Aboulhosn's pretrial orders are **ADOPTED**. [**ECF 6**; **ECF 7**; **ECF 11**; **ECF 13**; **ECF 18**; **ECF 40**]. Mr. Ahnend's motions to disqualify Magistrate Judge Aboulhosn are **DENIED**. [**ECF 21**; **ECF 22**; **ECF 42**]. Finally, Mr. Ahnend's motions to stay are **DENIED AS MOOT**. [**ECF 20**; **ECF 42**].

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: July 22, 2026

Frank W. Volk
Chief United States District Judge

19
