**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

**MAGUS JAMYE REFICUL AHNEND,**

**Plaintiff,**

**v.** **Civil Action No. 5:26-cv-00281**

**SHEILA JOHNSON,**
*Municipal Court Clerk/IT Administrative Assistant,*
**JEANNIE CAMPBELL,**
*Code Enforcement Agent,*
**ROBERT DONELOW,**
*Code Enforcement Officer,*
**GAVIN G. WARD,**
*Attorney at Law, State Bar #:12301,*
**MATTHEW FRAGILE,**
*Judge Beckley Municipal,*
**ZACHARY BLOSSER,**
*Police Officer of the City of Beckley P.D.,*

**Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the ***Plaintiff's Motion for Voluntary Dismissal Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2)*** (ECF No. 48), filed on July 28, 2026. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4)

### Procedural Background

On April 21, 2026, the Plaintiff, acting *pro se*,[1] filed an Application to Proceed Without

[1] Because the Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Prepayment of Fees and Costs (ECF No. 1) and a Complaint (ECF No. 2). The Plaintiff alleged violations of his constitutional and civil rights under the following provisions and statutes: (1) Fourth Amendment, for warrantless entry to the Plaintiff's residential property, conversion of the Plaintiff's personal property, and the use of an armed police presence "under threat of custodial arrest to compel compliance with a disputed civil administrative order"; (2) Fourteenth Amendment – Due Process Clause, for the deprivation of the Plaintiff's real and personal property without notice, failure to provide the Plaintiff with a meaningful opportunity to be heard before the imposition of a lien, and failure to maintain or produce records of the lien originating in the Beckley Municipal Court; (3) Fourteenth Amendment – Equal Protection Clause, for discrimination on the basis of the Plaintiff's disability and deliberate disregard of the Plaintiff's documented illnesses including Autism Spectrum Disorder and ADHD during the judicial proceedings; (4) 42 U.S.C. § 1983, the deprivation of the Plaintiff's civil rights as each Defendant acted under color of state law; (5) Americans with Disabilities Act, Title II, 42 U.S.C. § 12132, for failure of the Defendants to provide reasonable modifications or accommodations for the Plaintiff's documented disabilities, including terminal Chronic Eosinophilic Leukemia, Autism Spectrum Disorder, and ADHD during the municipal court proceedings; (6) Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, for disability discrimination and deliberate indifference to the Plaintiff's disability status; and 28 U.S.C. § 455, for violation of statutory requirements for judicial disqualification and recusal concerning Defendant Judge Fragile. (*Id*. at 3-4)

In his Complaint, the Plaintiff named the following as Defendants: (1) Sheila Johnson, Municipal Court Clerk/IT Administrative Assistant, in her individual and official capacity; (2) Jeannie Campbell, Code Enforcement Agent, in her individual and official capacity; (3) Robert Donelow, Code Enforcement Officer, in his individual and official capacity; (4) Gavin G. Ward,

Attorney at Law, in his individual and official capacity; (5) Judge Matthew Fragile, Judge Beckley Municipal, in his individual and official capacity; and (6) Officer Zachary Blosser, Police Officer of the City of Beckley, in his individual and official capacity. (*Id*. at 1-3)

In support of his Complaint, the Plaintiff attached numerous exhibits, along with the Plaintiff's description of the same. (*Id*. at 20-22; ECF No. 2-1) This action arises out the proceedings that followed the City of Beckley's Zoning & Code Compliance Violation citation issued to the Plaintiff on May 23, 2025 concerning overgrown weeds or grass located at the Plaintiff's residence, 205 Maplewood Lane in Beckley, West Virginia. Specifically, these matters arise out of the proceedings in Case No. 20250249, citing IMPC § 302.4 "Weeds or Overgrown Lot" (*Id*., ¶¶19-90)

On April 21, 2026, the Plaintiff filed a Motion for Leave to Register for and Use the Court's CM/ECF Electronic Filing System as a Pro Se Litigant, With Request for ADA Reasonable Accommodation (ECF No. 3).

On May 1, 2026, the Plaintiff filed a Motion for Recusal and Disqualification of the undersigned pursuant to 20 U.S.C. §§ 455(a) and 144 (ECF No. 5).

On May 6, 2026, the undersigned denied both motions (ECF Nos. 6, 7).

On May 8, 2026, the Plaintiff filed a Motion to consolidate his other civil actions, namely 5:26-cv-00199, 5:26-cv-00281, and 5:26-cv-00291. (ECF No. 8)

On May 11, 2026, the Plaintiff filed timely objections to the undersigned's prior Orders (ECF No. 9) as well as a second Motion to consolidate his other civil actions (ECF No. 10).

On May 12, 2026, the undersigned denied both of the Plaintiff's motions to consolidate (ECF No.11).

On May 13, 2026, the Plaintiff filed a third motion to consolidate (ECF No. 12), which the undersigned denied (ECF No. 13). On May 13, 2026, the Plaintiff filed timely objections to the

undersigned's orders denying the Plaintiff's motions to consolidate (ECF No. 14).

On May 15, 2026, the Plaintiff filed a Motion for appointment of pro bono counsel (ECF No. 15).

On May 19, 2026, the undersigned denied the Plaintiff's motion for appointed counsel (ECF No. 18), and granted the Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 16), upon which the Clerk issued summons (ECF No. 17).

On May 19, 2026, the Plaintiff filed timely objections to the undersigned's denial of the Plaintiff's third motion to consolidate and motion for a finding that the Plaintiff's Complaint survive the screening process pursuant to 28 U.S.C. § 1915(e)(2) and for reassignment of the case (ECF No. 19).

On May 21, 2026, the Plaintiff filed an emergency motion to stay all proceedings pending a ruling by the Chief District Judge on the Plaintiff's objections (ECF No. 20).

On May 21, 2026, the Plaintiff filed objections to the undersigned's order denying appointment of counsel with a notice of judicial council complaint proceedings, as well as a motion seeking recusal of the undersigned (ECF Nos. 21, 22).

On June 17, 2026, the Defendants, by counsel, filed their Answer to the Complaint (ECF No. 34).[2]

On June 22, 2026, the Plaintiff filed objections to the Defendants' Answer and motion for order of deemed admissions (ECF No. 35).

On June 25, 2026, the Plaintiff filed a motion to compel the completion of service upon Defendant Zachary Blosser (ECF No. 36).

[2] Prior to the Defendants' filing of their Answer, on June 8, 2026, the Plaintiff filed emergency petitions for writ of mandamus in each of the civil actions then pending before this Court (5:26-cv-00199, 5:26-cv-00281, 5:26-cv-00291) to the Fourth Circuit Court of Appeals (see ECF Nos. 28, 29). Subsequently, on July 21, 2026, the United States Court of Appeals for the Fourth Circuit denied the Plaintiff's petition. (ECF Nos. 43, 44 ,45)

On June 26, 2026, the summons was returned executed upon Defendant Zachary Blosser (ECF No. 37).

On July 6, 2026, the Defendants, by counsel, filed their response in opposition to the Plaintiff's objections to their Answer (ECF No. 38).

On July 7, 2026, the Plaintiff filed a notice and request that the Court take judicial notice of the appearance of Defendant Zachary Blosser and nullity of the July 17, 2026 answer deadline (ECF No. 39).

On July 8, 2026, the undersigned issued an Order and Notice pursuant to Local Rule of Civil Procedure 16.1 (ECF No. 40).

On July 9, 2026, the Defendants, by counsel, filed their response in opposition to the Plaintiff's motion to compel completion of service upon Defendant Zachary Blosser (ECF No. 41).

On July 14, 2026, the Plaintiff filed objections to the undersigned's Order and Notice pursuant to L.R. Civ. P. 16.1, a second emergency motion to stay the Rule 26(f) Meeting and attendant deadlines set forth in the aforementioned Order and Notice, and renewed motion seeking the undersigned's disqualification from the civil action (ECF No. 42).

On July 22, 2026, Chief District Judge Frank W. Volk entered a Memorandum Opinion and Order overruling the Plaintiff's objections, adopting the undersigned's pretrial orders and denied the Plaintiff's motions to disqualify the undersigned and denied the Plaintiff's motions to stay as moot. (ECF No. 46)

On July 28, 2026, the Plaintiff filed a letter to the Clerk of Court dated July 25, 2026 along with the instant Motion for Voluntary Dismissal Without Prejudice (ECF Nos. 47, 48).

**Analysis**

Federal Rule of Civil Procedure 41(a)(1)(A)(i)[3] provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

In consideration of the first and fourth factors, the undersigned finds that the Plaintiff's Motion to Voluntarily Dismiss should be granted. The undersigned notes that even though the

---

[3] The undersigned notes that the Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) on July 28, 2026 in another acting pending before this Court, *Ahnend v. Houck, et al.*, civil action no. 5:26-cv-00291(ECF No. 25).

Defendants filed an Answer and a few responses to the Plaintiff's motions or objections, there is no indication that Defendants expended sufficient time or resources defending the Plaintiff's action. Considering the second factor, the undersigned notes that there has been no delay or lack of diligence on the part of the Plaintiff. Considering the third factor, the Plaintiff acknowledges that no dispositive motions have been filed in this action and asserts that no party will suffer legal prejudice from dismissal. (see ECF No. 48 at 1, ¶4) As stated above, a "motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes, 788 F.2d at 1036. In the instant case, there is no indication or allegation of prejudice to the Defendants. Further, it is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. As noted by the Plaintiff, this action is in its infancy, as no scheduling order has been entered to date, and there is no trial date set. Accordingly, the undersigned respectfully recommends that the Plaintiff's Motion requesting the voluntary dismissal of this action pursuant to Rule 41(a)(2) be granted and the instant action be dismissed without prejudice.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** the ***Plaintiff's Motion for Voluntary Dismissal Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2)*** (ECF No. 48) and **DISMISS** the Plaintiff's Complaint (ECF No. 2) without prejudice, and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings

and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and counsel of record.

Date: July 29, 2026.

Omar J. Aboulhosn
United States Magistrate Judge